STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-278

STATE OF LOUISIANA

VERSUS

JOHN DAVIS, JR.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 14-K-0970-A
HONORABLE LEDRICKA THIERRY, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, John E. Conery, and Charles G. Fitzgerald, Judges.

**REVERSED.**

**Connor Kirk Junkin**
**Adrienne E. Aucoin**
**Department of Public Safety and Corrections, Office of State Police**
**P. O. Box 66614**
**Baton Rouge, LA 70896**
**(225) 922-0671**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Department of Public Safety and Corrections, Office of State Police**

**Hon. Charles Jagneaux**
**St. Landry Parish Clerk of Court**
**P.O. Box 750**
**Opelousas, LA 70570-0750**
**(337) 942-5606**

**Chad Patrick Pitre**
**Twenty-Seventh Judicial District Attorney**
**P.O. Box 1968**
**Opelousas, LA 70570**
**(337) 948-3041**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **State of Louisiana**

**Bobby Guidroz**
**St. Landry Parish Sheriff**
**1592 E Prudhomme Street**
**Opelousas, LA 70570**
**(337) 348-6516**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **State of Louisiana**

**Quincy L. Cawthorne**
**Doran & Cawthorne, PLLC**
**521 E Landry Street**
**Opelousas, LA 70570**
**(337) 948-8008**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **John Davis, Jr.**

**GREMILLION, Judge.**

The Louisiana Department of Public Safety and Corrections, Office of the State Police, appeals an order expunging the conviction of Defendant, John Davis, Jr., of Stalking, a violation of La.R.S. 14:40.2. For the reasons that follow, we reverse.

### FACTS AND PROCEDURAL POSTURE

Defendant was charged with one count of Stalking by bill of information filed on August 5, 2014. On January 6, 2015, Defendant appeared in court with counsel and withdrew his not guilty plea and pleaded guilty to the charge. The minutes of court reflect that the trial court interrogated Defendant to ascertain that the plea was knowingly entered, that Defendant understood his constitutional rights and was intelligently waiving them, and that a sufficient factual basis existed for the entry of a plea of guilty. Defendant's sentencing was deferred pursuant to La.Code Crim.P. art. 893, and he was placed on two years' supervised probation with special conditions that he perform forty hours of community service, pay certain fees, and stay away from the Dollar General Store on Highway 190 in Opelousas, Louisiana.

On January 23, 2020, Defendant filed a motion to set aside his conviction and dismiss the prosecution. The same day, the Twenty-Seventh Judicial District Attorney filed a certification that he had no objection to the trial court setting aside the conviction and dismissing the prosecution pursuant to La.Code Crim.P. art. 893(E), and an order setting aside the conviction and dismissing the prosecution was signed by the trial court.

On April 6, 2020, Defendant filed a motion to expunge the conviction from his criminal record. The motion prayed that if no timely objection was filed by the arresting law enforcement agency (the St. Landry Parish Sheriff), the district attorney's office, or the Louisiana Bureau of Criminal Identification and Information

(the Bureau), the record of Defendant's arrest, conviction, and all photographs, fingerprints, or other information be expunged and deemed confidential. The District Attorney filed an Affidavit of Response attesting that there was no opposition. Also on April 6, 2020, the trial court issued an order indicating that if objections were not filed within sixty days of service of the order, no contradictory hearing would be required.

On July 13, 2020, the Bureau filed an opposition on the basis that La.Code Crim.P. art. 978 does not allow expungement of arrests or convictions of crimes of violence as defined in La.R.S. 14:2(B), and Stalking is designated a crime of violence pursuant to La.R.S. 14:2(B)(37). The trial court set a hearing date for January 21, 2021.

At this hearing, Defendant argued that the Bureau's opposition was not timely filed. The Bureau argued that the timeliness of any objection was irrelevant because Stalking is defined as a crime of violence and is not eligible for expungement. The Bureau also pointed out that the order specified that oppositions must be filed within sixty days of service, and its records showed that it was served on June 2, 2020. Counsel for Defendant was new to the case and asked that the matter be continued until February 18, 2021, to conduct research. The trial court granted Defendant's motion for a continuance. The court minutes of January 21 reflect that the matter was passed and reset for February 18, 2021.

The minutes of February 18 reflect that the matter was again passed and set for hearing on May 18, 2021. The record does not contain a transcript of the hearing.

On March 18, 2021, Defendant's attorney and an Assistant District Attorney appeared in court, and an order expunging Defendant's conviction was signed by the trial court. The Bureau did not appear for that hearing, as it had been informed that the hearing was slated for May 18, not March 18.

2

## ASSIGNMENT OF ERROR

The Bureau assigns as error the trial court's determination that the offense of Stalking is eligible for expungement.

## ANALYSIS

Whether the law allows expungement of an arrest or conviction of a particular offense represents a question of law.

Defendant pleaded guilty and sentencing was deferred pursuant to La.Code Crim.P. art. 893(E), which allows a trial court to suspend the imposition or execution of the sentence of a defendant convicted of a first-offense noncapital felony when it appears that it is in the best interest of the public and the defendant. Certain offenses may not be deferred. At the conclusion of the defendant's probationary period, the trial court may set the conviction aside and dismiss the prosecution. Such a dismissal "shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a habitual offender[.]" *Id.*

Expungement of felony convictions is governed by La.Code Crim.P. art. 978, which provides, in pertinent part:

> A. Except as provided in Paragraph B of this Article, a person may file a motion to expunge his record of arrest and conviction of a felony offense if any of the following apply:
>
> (1) The conviction was set aside and the prosecution was dismissed pursuant to Article 893(E).
>
> (2) More than ten years have elapsed since the person completed any sentence, deferred adjudication, or period of probation or parole based on the felony conviction, and the person has not been convicted of any other criminal offense during the ten-year period, and has no criminal charge pending against him. The motion filed pursuant to this Subparagraph shall include a certification obtained from the district attorney which verifies that, to his knowledge, the applicant has no

3

convictions during the ten-year period and no pending charges under a bill of information or indictment.

(3) The person is entitled to a first offender pardon for the offense pursuant to Article IV, Section 5(E)(1) of the Constitution of Louisiana, provided that the offense is not defined as a crime of violence pursuant to R.S. 14:2(B) or a sex offense pursuant to R.S. 15:541.

B. No expungement shall be granted nor shall a person be permitted to file a motion to expunge the record of arrest and conviction of a felony offense if the person was convicted of the commission or attempted commission of any of the following offenses:

(1) A crime of violence as defined by or enumerated in R.S. 14:2(B), unless otherwise authorized in Paragraph E of this Article.

Article 978 was enacted by 2014 La. Acts No. 145, effective August 1, 2014.[1] Since its enactment, Article 978 has exempted crimes of violence as defined in La.R.S. 14:2(B) from expungement.

Stalking was added to the list of crimes of violence enumerated in La.R.S. 14:2 by 2003 La. Acts No. 637. Therefore, at the time Defendant pleaded guilty to Stalking, that crime was enumerated as a crime of violence in La.R.S. 14:2, and La.Code Crim.P. art. 978(B)(1) provided:

No expungement shall be granted nor shall a person be permitted to file a motion to expunge the record or arrest and conviction of a felony offense if the person was convicted of the commission or attempted commission of . . . [a] crime of violence as defined by or enumerated in R.S. 14:2(B), unless authorized in Paragraph E of this Article.

Paragraph (E) allows exceptions for expungement of the arrest and conviction records of people convicted of aggravated battery, second degree battery, aggravated criminal damage to property, simple robbery, purse snatching, or illegal use of weapons or dangerous instrumentalities if, after the lapse of ten years, the person has had no convictions and if no criminal charges are pending against him. Defendant was not convicted of a crime excepted by La.Code Crim.P. art. 978 (E). Furthermore,

---

[1] *See* La.Const. art. 3, § 19.

La.R.S. 14:40.2(J) provides, "A conviction for stalking shall not be subject to expungement as provided for by Title XXXIV of the Code of Criminal Procedure."

The trial court erred in granting Defendant's motion to expunge his arrest and conviction for Stalking, a violation of La.R.S. 14:40.2. The trial court's judgment is reversed. All costs of this proceeding are taxed to Defendant/appellee, John Davis, Jr.

**REVERSED.**